UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER T. JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-01638-JPH-TAB |
| | ) | |
| JERRY ASHER, | ) | |
| HERR, | ) | |
| DAVIS, | ) | |
| ROOD, | ) | |
| PRUETT, | ) | |
| WILSON, | ) | |
| MCDUFFIE, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON *IN FORMA PAUPERIS* STATUS
AND SCREENING AND DISMISSING COMPLAINT**

Plaintiff, Christopher Jackson, brings this action pursuant to 42 U.S.C. § 1983 alleging

violations of his civil rights during a previous period of incarceration at the Howard County Jail.

In this Order, the Court addresses Mr. Jackson's motion for leave to proceed *in forma pauperis*,

screens his complaint, and issues directions for proceeding with this action.

**I. *In Forma Pauperis* Motion**

Plaintiff Christopher Jackson's motion for leave to proceed *in forma pauperis*, dkt. [2], is

**granted**.

**II. Screening and Dismissing Complaint**

Although the events alleged in Mr. Jackson's complaint took place at Howard County Jail,

the plaintiff does not appear to be incarcerated at this time. Mr. Jackson is proceeding *in forma*

*pauperis*. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the

court shall dismiss the case at any time if the court determines that—(A) the allegation of poverty

1

is untrue; or (B) the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenolgio*, 792 F.3d 768, 776 (7th Cir. 2015).

### A. Factual Allegations

Mr. Jackson names the Sheriff of Howard County Jail, Jerry Asher, and Deputies Herr, Davis, Rood, Pruett, Wilson, and McDuffie in his complaint. Dkt. 1. Mr. Jackson states that he was incarcerated at the Howard County Jail from December 20, 2020 to February 20, 2021. *Id.* at 3. He alleges that during this period, the defendants gave him his prescription medication "many times." *Id.* He claims that he had to sign a medical form to confirm his receipt of his medication "before he actually got it," and that if he did not sign the form in advance, then he "doesn't get his medication." *Id.*

Mr. Jackson vaguely alleges that "[m]any, [m]any times" he signed these forms, and then the defendants gave him the wrong medication. *Id.* On these occasions, he states he told them the medication was wrong but was told that if he did not take the medication that was provided to him, he would not get his prescription medication anymore and the defendants would record that he

refused medication. *Id.* Mr. Jackson lists six instances in which the identified deputies dispensed his medication between December 28, 2020 and January 1, 202[1]. *Id.*

Mr. Jackson states that the defendants do not have a medical license to dispense prescription medication, and as such, their dispensing of medication is against the law. *Id.* He claims that Howard County Jail's policy allowing for deputies to dispense medication does not override the Health Insurance Portability and Accountability Act (HIPAA) laws or his constitutional right to have a medical professional give his medication to him. *Id.* He alleges that the defendants were deliberately indifferent to his medical needs and this caused him pain and suffering, neglect, mental anguish, and emotional distress. *Id.* at 4. He seeks compensatory and punitive damages. *Id.*

**B. Discussion and Dismissal of Claims**

At all times relevant to Mr. Jackson's allegations, he was a pretrial detainee at the Howard County Jail. Mr. Jackson's constitutional rights as a pretrial detainee are derived from the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment, which is applicable to convicted prisoners. *See, e.g., Kingsley v. Hendrickson*, 576 U.S. 389, 135 S. Ct. 2466, 2475 (2015); *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013). Thus, Mr. Jackson's medical care claims are assessed under the Fourteenth Amendment objective reasonableness standard. *Miranda v. County of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (citing *Kingsley*, 576 U.S. at 389).

A plaintiff states an inadequate medical care claim under the Fourteenth Amendment by alleging that (1) the defendant "acted purposefully, knowingly, or perhaps even recklessly" and (2) the defendant's conduct was objectively unreasonable. *Miranda*, 900 F.3d at 353. "This standard requires courts to focus on the totality of facts and circumstances faced by the individual alleged to have provided inadequate medical care and to gauge objectively—without regard to any

subjective belief held by the individual—whether the response was reasonable." *McCann v. Ogle County*, 909 F.3d 881, 886 (7th Cir. 2018).

Mr. Jackson's allegations are too vague to state a claim. Mr. Jackson generally stated that "many times" he received the wrong medications but does not allege any information about the prescription medications he was supposed to receive, what medical conditions he has that required any prescription medication, what the incorrect medication was that he did receive, or what adverse effects or injuries he suffered as result of taking any incorrect medication or from the inability to take his prescription medications. Therefore, medical care claims against the Sheriff and deputies are **dismissed** for failure to state a claim upon which relief can be granted. To the extent that Mr. Jackson argues that only medical professionals are licensed to handle prescription drugs, he has not identified a violation of a constitutional right, and thus, such claims are **dismissed.**

To the extent that Mr. Jackson alleges that the defendants violated HIPAA laws, these claims are **dismissed for failure to state a claim upon which relief may be granted**. *See Stewart v. Parkview Hosp. et al.*, 940 F.3d 1013, 1015 (7th Cir. 2019) ("HIPAA confers no private right of action.").

### III. Conclusion and Opportunity to Amend or Show Cause

Mr. Jackson's motion for leave to proceed *in forma pauperis*, dkt. [2], is **granted**.

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. Instead, Mr. Jackson shall have **through August 9, 2021** in which to file an amended complaint. Any amended complaint should have the proper cause number, 1:21-cv-01638-JPH-TAB, and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original. *Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture.").

Therefore, it must set out every defendant, claim, and factual allegation Mr. Jackson wishes to

pursue in this action. If no amended complaint is filed, this action will be dismissed without further

notice or opportunity to show cause.

Finally, the street address provided by Mr. Jackson is not that of the Howard County

Jail. **The clerk is directed to remove** "Howard County Jail" from Mr. Jackson's address on the

docket.

**SO ORDERED.**

Date:  7/16/2021

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

CHRISTOPHER T. JACKSON
1411 North Morrison St
Kokomo, IN 46901

5